### KELLOGG et al. v. GAGE.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

TRIAL—SHORT-CAUSE CALENDAR.

> Where, in an action on a note for legal services, the defense was interposed that plaintiffs negligently failed to file a counterclaim in a suit in which they were retained by defendant, and it appeared that motion to file counterclaim by substituted attorneys had been denied and order of court had been affirmed on appeal, it was error to refuse to place the action upon the short-cause calendar, as the record of the case would determine the issue.

> Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Charles Snow Kellogg and another against Otis S. Gage. From order denying plaintiffs' motion to place action upon short-cause calendar, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Frederick E. Anderson, for appellants.

T. B. Chancellor, for respondent.

PER CURIAM. This action was brought on promissory notes given for legal services. The defense is that, in a certain action of Houghton v. Gage, the plaintiffs neglected to interpose a counter-

claim, and, by their failure thus to exercise proper and reasonable diligence, this defendant was damaged in the sum of $5,000. Ordinarily, it might well be that, with a defense of this kind, the trial of an action would take more than two hours, and whether it would or not would be for the judge hearing the motion to determine. With reference to this particular defense sought to be interposed, however, we have means at hand by which to measure with reasonable certainty how long it will take for its presentation. It appears that in the action of Houghton v. Gage an effort was made by the attorneys who were substituted for the plaintiffs to interpose the counterclaim referred to, for the failure to do which by the plaintiffs the defendant claims he was damaged, and the special term, in determining the issue, said: "The action clearly appears to be framed ex delicto, and the counterclaim sought to be set up is based upon facts not connected with the transaction set forth in the complaint. Therefore the motion is denied." The order thereupon entered was subsequently affirmed, without opinion, on appeal to this court. Houghton v. Gage, 39 App. Div. 671, 57 N. Y. Supp. 1139. Assuming, therefore, that the conclusion of the special term affirmed by this court in Houghton v. Gage would, in the first instance, be followed by the trial judge, the effort to prove the defense would, on the trial of this action, be met on the part of the plaintiffs by the order and record upon appeal in Houghton v. Gage. These proceedings would not possibly consume two hours upon the trial, and, so far as the plaintiffs' case is concerned, all that is required is the presentation of the notes and their introduction in evidence, which, at most, would take but a few minutes.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion to place the case on the preferred calendar for the trial of short causes granted, without costs.

VAN BRUNT, P. J., dissents.